*237 NAHMIAS, Justice,
concurring.
I concur fully in the Court’s opinion, and I write separately only to emphasize that with regard to motions to suppress evidence in criminal cases, it is important to consider not only whether the alleged constitutional or statutory violation occurred, but also whether exclusion of the resulting evidence is an authorized remedy for such a violation. With regard to the exclusionary rule issue in this case, for example, I note that the Supreme Court of the United States has held that a warrantless arrest for crimes committed in the presence of an arresting officer may be reasonable under the Fourth Amendment even if the arrest was in violation of a state arrest statute, see Virginia v. Moore, 553 U. S. 164, 177-178 (128 SCt 1598, 170 LE2d 559) (2008), and several lower courts have rejected exclusion of evidence for violations of state statutes limiting the territorial jurisdiction of the arresting officer, see, e.g., United States v. Sed, 601 F3d 224, 228-229 (3d Cir. 2010); State v. Smith, 908 A2d 786, 788-790 (N.H. 2006). Moreover, OCGA § 20-3-72 does not speak in terms of the admission or exclusion of evidence, and it is not apparent that any other statute directs the exclusion of evidence as a remedy for an extraterritorial arrest. Compare OCGA § 16-11-67 (“No evidence obtained in a manner which violates any of the provisions of this part [regulating wiretapping and electronic surveillance] shall be admissible in any court of this state except to prove violations of this part.”); OCGA § 24-8-824 (“To make a confession admissible, it shall have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury.”); OCGA § 40-5-67.1 (b) (“. . . If any such notice [concerning implied consent] is used by a law enforcement officer to advise a person of his or her rights regarding the administration of chemical testing, such person shall be deemed to have been properly advised of his or her rights . . . and the results of any chemical test, or the refusal to submit to a test, shall be admitted into evidence against such person. . . .”).
Thus, there is a substantial question regarding whether it was proper for the trial court to suppress evidence as a remedy for the violation of OCGA § 20-3-72 that the court correctly found in this case. Because the State has not challenged the remedial aspect of the trial court’s order, the Court appropriately does not decide this question today But this discussion should highlight the importance of considering the remedial element of motions to suppress evidence in future cases of this sort.
I am authorized to state that Justice Blackwell joins in this concurrence.
*238 Decided June 20, 2016.
David R. Willingham; Steven A. Cook; Bimal Chopra, Jr., for appellant.
Barry E. Morgan, Solicitor-General, Mimi A. Scaljon, Deborah M. Tatum, Assistant Solicitors-General, for appellee.